UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>AUDREY NOLAND-JAMES,<br><br>Defendant. | CASE NO. CR19-261-RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART APPEAL OF MAGISTRATE JUDGE'S RELEASE ORDER |

This matter comes before the Court on Defendant Audrey Noland-James' Appeal of Magistrate Judge's Release Order. Dkt. #28. On March 25, 2020, Magistrate Judge Theiler ordered Defendant's temporary release to the Baker Creek Residential Treatment Facility ("Baker Creek") pursuant to 18 U.S.C. § 3142(i). Defendant appeals Judge Theiler's release order on the basis that (i) Baker Creek is not accepting new patients at this time, resulting in her continued confinement at the SeaTac Federal Detention Center; and (ii) she seeks release to home confinement rather than to an in-patient treatment facility. Dkt. #28. The Government opposes Defendant's request. Dkt. #30.

For the reasons set forth below, Ms. Noland-James' motion is granted in part and denied in part. It is granted to the extent that the Court will allow her to be released to another in-patient treatment facility rather than waiting for a bed to become available at Baker Creek. The motion

ORDER GRANTING IN PART AND DENYING IN PART APPEAL OF MAGISTRATE JUDGE'S RELEASE ORDER – 1

is otherwise denied to the extent that she seeks release to home confinement. The court will stay the release order until Ms. Noland-James and counsel, in coordination with Pretrial Services, have identified another in-patient treatment center available for Defendant's placement.

## I. BACKGROUND

The Court need not recite the full background of this case and its procedural history. Ms. Noland-James is a 68-year-old inmate at the Federal Detention Center, SeaTac (FDC) charged in a single-count Indictment with Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 113(a)(3) and 1153. The alleged incident occurred on the Lummi Indian reservation on August 1, 2019, when Defendant attempted to set another woman on fire. Magistrate Judge Theiler ordered Defendant detained pending trial due to the risk she posed to the community. Dkt. #6. On March 19, 2020, Defendant filed an emergency motion for temporary release pursuant to 18 U.S.C. § 3142(i) in light of the COVID-19 pandemic and the risk to Defendant's health if the virus arrived at the FDC. Dkt. #20. Ms. Noland-James requested release to home detention with electronic monitoring under the care her daughter, Cutrina George, until the pandemic ended. The Government did not oppose her release, provided that Defendant be confined to her daughter's home, placed on electronic monitoring, and prohibited from entering the Lummi Indian reservation. Dkt. #23.

On March 25, 2020, Magistrate Judge Theiler conducted a hearing and found that the recent COVID-19 pandemic was a changed circumstance sufficient to allow Defendant to reopen the issue of detention. Judge Theiler did not grant Defendant's request for home detention, but instead ordered Ms. Noland-James temporarily released to Baker Creek once a bed became available. Dkt. #27 at 1. The following day, Defendant moved for review and revocation or amendment of Judge Theiler's bond conditions. Dkt. #28. Defendant appeals the release order

on the basis that (i) Baker Creek is not accepting new patients at this time, resulting in her continued confinement at the FDC; and (ii) because of her heightened risk to COVID-19, she seeks release to home confinement rather than to an in-patient treatment facility.

## II.   DISCUSSION

### A. Standard of Review

As an initial matter, Defendant seeks review of Judge Theiler's March 25, 2020 release order under 18 U.S.C. § 3145(b), on the basis that Judge Theiler's order "amounts to a detention order" under the circumstances. Dkt. #28 at 1; *see* 18 U.S.C. § 3415(b) (providing for review of a detention order). However, Judge Theiler granted Defendant's request for release pursuant to 18 U.S.C. § 3142(i) and ordered her released to an in-patient facility. *See* Dkt. #27. For this reason, the Court agrees with the Government that Defendant does not seek to challenge a detention order, but rather the conditions of her release pursuant to Section 3145(a). *See* 18 U.S.C. § 3145(a) (providing for review of a release order). A defendant's appeal of a magistrate judge's release order is governed by 18 U.S.C. § 3145(a)(2), which provides that "if a person is ordered released by a magistrate judge . . . (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." The District Court Judge with original jurisdiction then reviews de novo the Magistrate Judge's order. *See United States v. Koenig*, 912 F.2d 1990, 1192 (9th Cir. 1990).

In reviewing Judge Theiler's March 25, 2020 release order de novo, the Court must make the same determination as the Magistrate Judge: whether Defendant may be granted temporary release to home confinement pursuant to 18 U.S.C. § 3142(i). Under Section 3142(i), temporary release may be granted if the Court determines that release is "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i)(4). The relief

ORDER GRANTING IN PART AND DENYING IN PART APPEAL OF MAGISTRATE JUDGE'S RELEASE ORDER – 3

authorized by § 3142(i) is to be used "sparingly." *United States v. McKnight,* No. CR18-16 TSZ, 2020 WL 1872412, at *2–3 (W.D. Wash. Apr. 15, 2020) (citing *United States v. Boatwright*, --- F. Supp. 3d ---, 2020 WL 1639855 at *4 (D. Nev. Apr. 2, 2020)). Courts have recognized that "little guidance exists" concerning what qualifies as a "compelling reason" for temporary release, but such motions have been granted when the detainee was suffering from terminal illness or serious injuries, like gunshot wounds, for which the Bureau of Prisons could not adequately provide medical care. *Boatwright*, 2020 WL 1639855 at *4.

In recent weeks, the COVID-19 pandemic has required courts to analyze "compelling reasons" for temporary release under Section 3142(i) in the context of this public health crisis. Several courts, including the Western District of Washington, have applied the four factors articulated in *United States v. Clark*, --- F. Supp. 3d ---, 2020 WL 1446895 (D. Kan. Mar. 25, 2020). *See McKnight*, 2020 WL 1872412 at *2–3; *see also United States v. Miller*, 2020 WL 1864633 at *2-3, (D. Mont. Apr. 14, 2020); *United States v. Hussein*, 2020 WL 1853656 at *4 (D. Minn. Apr. 13, 2020); *United States v. Lake*, 2020 WL 1852435 (D. Colo. Apr. 13, 2020); *Boatwright*, 2020 WL 1639855 at *4-8. In considering a Section 3142(i) motion in the context of COVID-19, the court in *Clark* evaluated (i) the original grounds for the defendant's pretrial detention, (ii) the specificity of the defendant's stated COVID-19 concerns, (iii) the extent to which the proposed release plan is tailored to mitigate, rather than exacerbate, the COVID-19 risks to the defendant, and (iv) the likelihood that the defendant's release would increase the COVID-19 risks of others. *McKnight*, 2020 WL 1872412 at *2–3 (citing *Clark*, 2020 WL 1446895 at *3). The Court agrees that these considerations are appropriate and will be guided by them in ruling on the instant motion.

//

ORDER GRANTING IN PART AND DENYING IN PART APPEAL OF MAGISTRATE JUDGE'S RELEASE ORDER – 4

**B. Basis for Release to Home Confinement under *Clark* Factors**

Here, the Court reviews de novo whether Defendant's health risks during the COVID-19 crisis provide a "compelling reason" for her temporary release to home confinement under 18 U.S.C. § 3142(i). Because Defendant's appeal only challenges the conditions of her release, the Court's review is limited to whether release to home confinement is justified under the *Clark* factors as opposed to release to an in-patient facility.

    i.    <u>Original grounds for detention</u>

The original grounds for Defendant's detention weigh heavily against her release to home confinement. Because of the risk Defendant poses to the community, Judge Theiler ordered her detained pending trial. Dkt. #6. When the COVID-19 public health crisis came to light and Defendant moved to reopen her detention hearing, Pretrial Services opposed her release due to the nature of the offense, Defendant's underlying mental health, alcohol and substance abuse issues, and concerns that home detention would not mitigate her risk of nonappearance and danger to the community. Defendant's counsel states that Ms. Noland-James "reports to counsel that she feels better and stable with the medication" and that her daughter plans to monitor her mother's medications to ensure she is taking them as prescribed. Dkt. #28 at 11.

Notwithstanding Ms. Noland-James' progress over the past months, the Court has significant concerns that releasing Ms. Noland-James to her daughter's supervision will not help Ms. Noland-James address her mental health or substance abuse issues. On the contrary, it is likely that the lack of structure in home confinement, compared to in an in-patient treatment program, will derail any progress Defendant has made thus far. Considering these issues in conjunction with the nature of her alleged offense, the Court finds that Defendant's proposed release plan raises serious concerns for public safety—including the safety of the alleged victim,

ORDER GRANTING IN PART AND DENYING IN PART APPEAL OF MAGISTRATE
JUDGE'S RELEASE ORDER – 5

the witnesses, and the Lummi tribal community.  These safety concerns are magnified given the limitations on supervision during the COVID-19 pandemic.  For this reason, the Court finds that this factor weighs heavily against home confinement.

      ii.      <u>Specificity of COVID-19 concerns</u>

The second factor of specific COVID-19 concerns also does not support Defendant's request to amend the conditions of her release to home detention.  Defendant contends that in-patient treatment "is not a safe alternative for Ms. Noland-James at this time" because it presents "the same type of risk to Ms. Noland-James's health as confinement at the FDC . . . ."  Dkt. #31 at 2.  Specifically, Defendant identifies risk factors such as employees coming and going each day, placement in tight quarters with other treatment clients, and inability to physically distance herself from other patients.  *Id.*  She also states that even if accepted at Baker Creek, the facility is a 16-bed facility and she "may not be able to appropriately distance herself . . . ."

Based on these limited facts, the Court cannot find that Defendant has raised specific, non-speculative COVID-19 concerns with respect to her placement in any in-patient treatment facility.  Although Defendant equates her risk of COVID-19 while confined at the FDC as "the same type of risk" that she would face at an in-patient facility, she provides no facts as to conditions at in-patient facilities that may support this argument.  Accordingly, she has offered "nothing more than generalized fear and speculation of COVID-19" that cannot amount to "compelling reasons" for her proposed conditions of release.  *McKnight*, 2020 WL 1872412 at *3.  For these reasons, the second *Clark* factor supports denial of home confinement.

      iii.      <u>Extent to which proposed release plan mitigates COVID-19 risks</u>

The third *Clark* factor also weighs against Defendant's release to home confinement. Defendant has made no showing that her proposed plan puts her at lower risk for contracting

ORDER GRANTING IN PART AND DENYING IN PART APPEAL OF MAGISTRATE
JUDGE'S RELEASE ORDER – 6

COVID-19 compared to her release to an in-patient facility—many of which have implemented screening practices and other COVID-19 precautions. Instead, she relies on the generalized argument that home confinement is the "only way" to mitigate her risk to COVID-19. Dkt. #28 at 4. Courts have consistently rejected the notion that release to home confinement automatically reduces a defendant's risk of contracting COVID-19. *See, e.g.*, *McKnight*, 2020 WL 1872412 at *3 ("[Defendant] has offered no information about her circumstances or the level of exposure to the COVID-19 coronavirus that she and/or others residing in or visiting her home have on a daily or weekly basis"); *see also Boatwright*, 2020 WL 1639855 at *7 (Defendant "fails to explain who else has or will live in or frequent the home or identify any screening practice or concrete COVID-19 precautions taken there" and "therefore offers nothing more than mere speculation that home detention would be less risky"). For these reasons, Defendant has failed to show that her proposed plan mitigates COVID-19 risks compared to release to an in-patient facility.

        iv.    <u>Likelihood release would increase COVID-19 risk to others</u>

Finally, Defendant has failed to show that her release to home detention poses a lower risk to others of COVID-19 compared to her release to an in-patient facility. Any temporary release of a pretrial detainee during this health crisis, regardless of the conditions, increases the risk to Pretrial Services and law enforcement officers charged with a defendant's monitoring and supervision. *See McKnight* at *4 ("The ongoing monitoring and supervision associated with any temporary release, and any need to take defendant back into custody, would potentially expose officers to the coronavirus that causes COVID-19."). Defendant's release to an in-patient facility would introduce additional COVID-19 risks to other patients and staff at that facility. Defendant also raises the concern that inpatient treatment may only last thirty days, resulting in added risks

ORDER GRANTING IN PART AND DENYING IN PART APPEAL OF MAGISTRATE
JUDGE'S RELEASE ORDER – 7

to the community if she is shuttled to an in-patient facility and then back to the FDC. Dkt. #31 at 3.

At the same time, however, Defendant's proposed release plan is not without countervailing risks. Defendant's release to home confinement exposes everyone in the household to COVID-19 risks, including Defendant's daughter and other family members who live there. Home confinement likewise increases the risk to Pretrial Services and law enforcement charged with supervising Defendant's confinement. *See* Dkt. #28 at 11 ("Ms. Noland-James will not be left to her own devices, but will be supported and monitored by Pretrial Services."). Moreover, to the extent Ms. Noland-James may violate any of the conditions of home confinement, such noncompliance increases the COVID-19 risks to the U.S. Probation Office in supervising her, as well as the U.S. Marshals Service and federal detention facilities in apprehending her. The Court finds that such risks would be better mitigated in the structured environment of an in-patient facility, where she is subject to supervision by facility staff that can oversee her treatment program. For these reasons, Defendant has failed to show that home confinement, compared with release to an in-patient facility, reduces the risk to others of COVID-19.

Having considered the *Clark* factors, the Court concludes that the COVID-19 health crisis does not present a "compelling reason" for Ms. Noland-James' temporary release to home confinement as opposed to her release to an in-patient facility.

C. **Unavailability of Placement in Treatment Facility**

Finally, the Court must address the problem raised in Defendant's appeal that the Baker Creek facility is not accepting new patients at this time. *See* Dkt. #28 at 2. Because Judge Theiler's order specifies that Ms. Noland-James must remain at the FDC until a bed is available

ORDER GRANTING IN PART AND DENYING IN PART APPEAL OF MAGISTRATE JUDGE'S RELEASE ORDER – 8

at Baker Creek, Defendant is effectively denied the relief granted by the Magistrate Judge's release order until such a time that Baker Creek starts accepting new patients. Without any indication of when Baker Creek may begin accepting new patients again, the Court finds it appropriate to amend the language in Judge Theiler's March 25, 2020 order to remove this limitation on Ms. Noland-James' release. Accordingly, Defendant may be released to another in-patient treatment program as determined by Defendant and Pretrial Services.

### III.     CONCLUSION

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Noland James' Appeal of Magistrate Judge's Release Order, Dkt #28, is GRANTED IN PART.

Is it hereby ORDERED that the bond imposed by Magistrate Judge Theiler is amended such that Ms. Noland-James' release on appearance bond is not conditioned on her participation at the Baker Creek Residential Treatment Facility. The Court will allow Defendant to be released to any in-patient treatment program as agreed upon by Defendant and Pretrial Services. The Release Order, Dkt. #26, is STAYED until another in-patient treatment center has been identified.

IT IS SO ORDERED.

DATED this 17th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART AND DENYING IN PART APPEAL OF MAGISTRATE JUDGE'S RELEASE ORDER – 9

ORDER GRANTING IN PART AND DENYING IN PART APPEAL OF MAGISTRATE JUDGE'S RELEASE ORDER – 10